# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2023

Lyle W. Cayce
Clerk

———————

No. 21-30148

———————

Mark Wightman, Doctor of Dental Surgery; Courtney Wightman, Doctor of Dental Surgery; Wightman Family Dental, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Ameritas Life Insurance Corporation; Dentemax, L.L.C.,

*Defendants—Appellees*.

—————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-11628

—————————————————————

Before Wiener, Graves, and Ho, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:*

We previously certified a question to the Louisiana Supreme Court in this matter asking whether claims arising under Louisiana's Preferred Provider Organization Act, La. R.S. 40:2203.1, are delictual or contractual

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-30148

for prescriptive purposes.  After receiving a response that such claims are contractual, we REVERSE the judgment below and REMAND.

## Facts and Procedural History

Mark Wightman D.D.S. and Courtney Wightman D.D.S. are dentists who own and operate Wightman Family Dental, L.L.C. (collectively referred to as "Wightman") in St. Bernard Parish, Louisiana.  On February 16, 2009, Wightman and DenteMax, which is not a party to this appeal, entered into a Preferred Provider Organization (PPO) agreement to expand Wightman's client base via access to DenteMax's network.[1]  Under the PPO agreement, Wightman agreed to join the DenteMax PPO network, discount fees for services provided to network participants, and allow DenteMax to grant payors and participants access to those discounted rates.

In May of 2012, Ameritas Life Insurance Corp leased the DenteMax PPO network, which granted Ameritas access to the reduced PPO reimbursement rate that Wightman had provided to DenteMax.  The network agreement allowed Ameritas to use the DenteMax network rates to reimburse any participating provider of services rendered to Ameritas'

---

[1] Under Louisiana law, a PPO is defined as:

> [A] contractual agreement or agreements between a provider or providers and a group purchaser or purchasers to provide for alternative rates of payment specified in advance for a defined period of time in which:
>
> (i) The provider agrees to accept these alternative rates of payment offered by the group purchasers to their members whenever a member chooses to use its services.
>
> (ii) There is a tangible benefit to the provider in offering such alternative rates of payment to the group purchaser.

La. R.S. 40:2202(5)(a).

insureds. The district court found that Wightman received no notice of the agreement from DenteMax or Ameritas.

Later that year, patients presented Ameritas' benefit cards to Wightman. Wightman asserts that it believed it would be reimbursed at the standard rate for Ameritas' insureds, as specified on Ameritas' cards. But Wightman asserts that, after it performed services and sought reimbursement, it was paid at a lower rate that was neither disclosed nor published on the patients' cards. After receiving payments at the reduced rate, Wightman contacted Ameritas and learned of the leasing agreement between Ameritas and DenteMax. Ameritas also denied Wightman's request to be reimbursed at the standard rate advertised on Ameritas' benefit cards.

On July 11, 2019, Wightman filed an action against Ameritas and DenteMax for breach of contract and violations of Louisiana's PPO Act, which requires insurers to notify health care providers when reimbursing at a reduced PPO rate. *See* La. R.S. 40:2203.1. Ameritas and DenteMax filed separate Rule 12(b)(6) motions to dismiss that the district court granted in part and denied in part.[2] That order was not appealed. Wightman then filed two amended complaints and converted the case into a putative class action.

Ameritas and DenteMax again moved to dismiss, asserting for the first time that Wightman's claims were prescribed under Louisiana law. After notifying the parties, the district court converted the filings into motions for

---

[2] Specifically, the district court: (1) determined that dentists were healthcare providers within the meaning of the statute; (2) determined the exemption provision in La. R.S. 40:2203.1(A) did not apply to DenteMax; and (3) found that Wightman had failed to allege contractual privity between themselves and Ameritas, thus, Ameritas could not be a "group purchaser" under the language of La. R.S. 40:2202(3). However, the district court also noted that, "under a plain reading of La. R.S. 40:2203.1, Ameritas could be 'deemed' a group purchaser 'for purposes of this Section' under La. R.S. 40:2203.1(B)(4)."

partial summary judgment after deciding that it might consider exhibits in deciding the prescription arguments. While those motions were pending, Ameritas also filed a motion for partial summary judgment on the claims for unjust enrichment and injunctive relief.

On October 27, 2020, the district court granted Ameritas' motions and dismissed Wightman's claims for violations of La. R.S. 40:2203.1, unjust enrichment, and injunctive relief. Specifically, the district court determined that claims under La. R.S. 40:2203.1 are delictual claims subject to prescription of one year rather than contractual claims subject to the ten-year prescriptive period for personal actions. *See* La. C.C. art. 3492, 3499; *see also* La. C.C.P. art. 422. The district court also determined that Wightman could not bring an unjust enrichment claim against Ameritas because, but for prescription, they would have had a chapter 40 claim. The district court dismissed Ameritas from this case on March 11, 2021, and Wightman appealed.

## Discussion

We review a grant of summary judgment de novo, applying the same criteria as the district court in the first instance. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *see also Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 328 (5th Cir. 2017). However, "[f]irst we consult the applicable law to ascertain the material factual issues." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 738 (5th Cir. 1996). We also consider questions of law or mixed questions of law and fact de novo. *House v. Am. United Life Ins. Co.*, 499 F.3d 443, 448 (5th Cir. 2007). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

No. 21-30148

As stated previously, the district court gave notice and converted the motions to dismiss into motions for partial summary judgment only for purposes of deciding whether the claims were prescribed. Because the Louisiana Supreme Court had not ruled on the prescription issue, the district court made an *Erie* guess that such claims were delictual. On appeal, we certified the following question to the Supreme Court of Louisiana: "Are claims arising under the Louisiana's Preferred Provider Organization Act, La. R.S. 40:2203.1, delictual or contractual for prescriptive purposes." No. 21-30148, 2022 WL 610795, at *5 (5th Cir. Mar. 2, 2022).

In October 2022, the Supreme Court of Louisiana answered the certified question, holding that claims under La. R.S. 40:3303.1 are contractual, and the prescriptive period for such claims is ten years as set out in La. C.C. art. 3499. *Wightman v. Ameritas Life Ins. Corp.*, 2022-364, p. 10-11 (La. 10/21/22); 351 So. 3d 690, 696-7. Accordingly, we now REVERSE the district court's grant of partial summary judgment and dismissal of Ameritas and REMAND for further proceedings consistent with this opinion.[3] The Appellants' opposed motion for judicial notice is DENIED.

---

[3] We recognize that the parties make additional arguments. However, prescription is the dispositive issue for purposes of this summary judgment. Thus, we decline to address any additional issues at this stage, and we make no determination as to whether they are properly before this court.